P. McCAULEY v. STATE.

No. A-3594.    Opinion Filed June 11, 1921.
(198 Pac. 519.)

Appeal from County Court, Stephens County; G. T. Burrows, Judge.

P. McCauley was convicted of unlawful possession of intoxicating liquor, and he appeals. Reversed.

J. B. Wilkinson, for plaintiff in error.

S. P. Freeling, Atty Gen., and W. C. Hall and E. L. Fulton, Asst. Attys. Gen., for the State.

PER CURIAM.  Plaintiff in error, P. McCauley. was convicted on an information charging that he did willfully and unlawfully have in his possession two quarts and one  pint  of whisky, for the purpose and with the intent of bartering, selling, giving away, and otherwise furnishing the same to other persons.  The jury failed to agree on the punishment. Motion for new trial was duly filed and overruled; the court sentenced the defendant to be confined for 60 days in the county jail and to pay a fine of $100 and costs.  To reverse the judgment he appeals.

The principal question presented is the sufficiency of the evidence to support the conviction.

For the state, E. R. Young, sheriff, testified that he had known the defendant about 18 years; that in serving a search warrant he went out to the defendant's place, about nine miles east of Duncan, and found two quarts and one pint of whisky in an outhouse that he supposed  was  on  the  defendant's premises; that Mr. Gossett, city marshal, went with him.

Marshal Gossett testified that they found two quarts and one pint of whisky buried in some cotton seed, about a quarter of a mile from where the defendant lived.

For the defense, Dan McCauley testified that—

"I bought the whisky the officers found from Bill Phillips, in Duncan, and he delivered it at the cotton seed house, and I put it in the cotton seed. I did not tell the defendant it was there."

The defendant testifying in his own behalf stated that he did not know anything about the whisky found in the cotton seed house; O. H. Marshall had charge of the seed house; that he never knew it was there until it was discovered; never had anything to do with it.

Upon careful consideration we think the testimony is insufficient to warrant the verdict of the jury. Before a jury is authorized to find a defendant guilty in any criminal case, there must be evidence sufficient to prove that an offense has been committed, and to identify the defendant with the commission of it as charged in the information.

Because the evidence is insufficient to support the conviction, the judgment is reversed.